UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal Case No. CR 20-76 (PAM/KMM)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MUHAMMAD MASOOD, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Defendant Muhammad Masood's motion for a

mental competency hearing pursuant to 18 U.S.C. § 4241 and Fed. R. Crim. P.

12.2(c)(1)(A). Mr. Masood's attorney has filed a declaration under seal setting forth

specific grounds for concern that Mr. Masood is not able to sufficiently understand the

proceedings or assist in his defense.  The government has informed the Court that it does

not oppose the motion.  Based on the record before the Court, the Court concludes that

there is "reasonable cause to believe that the defendant may presently be suffering from a

mental disease or defect rendering him mentally incompetent to the extent that he is

unable to understand the nature and consequences of the proceedings against him or to

assist properly in his defense." 18 U.S.C. § 4241(a).

**It is hereby ordered** that

1.  The Defendant shall be committed to the custody of the Attorney General for

placement in a suitable Federal Medical Center to be examined for competency for a

period not to exceed 30 days, with leave for the Director of that Federal Medical Center

to apply for a reasonable extension of time not to exceed 15 days pursuant to 18 U.S.C. §
4247(b).

2.   The United States Marshal's Service shall transport Defendant to the designated
Federal Medical Center as soon as possible, while ensuring Defendant's safety in light of
the current pandemic conditions.

3.   The psychiatric examination shall be conducted in a suitable facility as close as
possible to the Court. 18 U.S.C. § 4247(b). The Court strongly recommends that the
examination be conducted at FMC Rochester.

4.   The Court directs that psychiatric evaluation assess Defendant's competency to
stand trial and assist in his defense. The report of examination should include Defendant's
history and present symptoms; a description of the psychiatric, psychological, and
medical tests that were employed and their results; the examiner's findings; and the
examiner's opinions as to diagnosis and prognosis. *See* 18 U.S.C. § 4247(c). The Court
further directs that the evaluation include the examiner's opinions as to whether
Defendant is suffering from a mental disease or defect rendering him unable to
understand the nature and consequences of the proceedings against him or to assist
properly in his defense. *See*  18 U.S.C. § 4247 (c).

5.   The report of Defendant's psychiatric examination by the Federal Medical
Center shall be filed with the Court, with copies provided to the Assistant United States

Attorney and to Defense counsel pursuant to 18 U.S.C. § 4247(c), as soon as practicable following the examination.

6.  If needed, a hearing pursuant to 18 U.S.C. § 18 U.S.C. § 4241(c) and 4247(d) shall be scheduled by the Court upon completion of the evaluation and report directed above.

7.  It is further ordered that the period from the filing of Defendant's Motion [Doc. No. 33] until the Court's Order on the Defendant's competency to stand trial is issued, is hereby excluded from the period within which the Trial of this matter must commence under the Speedy Trial Act. *See* Title 18 U.S.C. §3161(h)(1)(D).

Date: September 16, 2020                                    *s/ Katherine Menendez*
                                                                         Katherine Menendez
                                                                         United States Magistrate Judge

3