UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Muhammad Masood,

    Defendant.

Case No. 0:20-cr-76 (PAM/KMM)

**ORDER**

On September 16, 2020, this Court granted Muhammad Masood's Motion for a Competency Evaluation pursuant to 18 U.S.C. § 4241 and Fed. R. Crim. P. 12.2(c)(1)(A). [ECF No. 33, 36]. Following that evaluation, a Bureau of Prisons (BOP) forensic psychologist determined that Mr. Masood is not competent to proceed in this matter. [ECF No. 41]. The Court held a hearing pursuant to § 4241(c). [Minutes, ECF No. 45]. Neither the government nor Mr. Masood objected to the report, or to a finding that Mr. Masood is not competent, as contemplated by § 4241(d).

Following review of the evaluation prepared by the BOP, and based on the complete record before the Court, including the filings of Mr. Masood's counsel, the Court found that Mr. Masood is not competent to proceed at this time because he is "unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." 18 U.S.C. § 4241(d). The Court therefore Ordered him committed to the custody of the Attorney General pursuant to § 4241(d) for treatment and further evaluation so that he might be restored to competence. In response to Mr.

1

Masood's formal notice of an intent to rely on a defense of insanity [ECF No. 44], the Court also granted the government's motion, pursuant to 18 U.S.C. § 4242, for a psychological or psychiatric examination of Mr. Masood. The Court fully stated its findings and rationale on the record following the hearing and issues this Order to capture the summary.

## I.  Background

On September 11, 2020, Mr. Masood, through his attorney, Jordan Kushner, filed a motion seeking a competency hearing to determine whether he is competent to stand trial. [ECF No. 33]. Mr. Kushner was concerned that Mr. Masood "might be suffering from mental illness which renders him incompetent to understand the nature and consequences of the proceedings or assist properly in his defense." [Mot., ECF No. 33]. The government did not oppose the motion. The Court found that there was reasonable cause to believe that Mr. Masood "may presently be suffering from a mental disease or defect rendering him mentally incompetent," and issued an order pursuant to § 4241(a)–(b), committing Mr. Masood to the custody of the Attorney General for a competency evaluation under 18 U.S.C. § 4247(b). [ECF No. 36].

On October 9, 2020, Mr. Masood was taken to the Metropolitan Correctional Center (MCC) in Chicago, Illinois, for evaluation. [Report 2, ECF No. 41]. On March 17, 2021, MCC-Chicago Forensic Psychologist Dr. Robin Watkins completed a forensic evaluation of Mr. Masood, and her report was filed with the Court on March 26, 2021. [*Id.*] Throughout the evaluation period, Dr. Watkins interviewed and assessed Mr.

Masood multiple times, and he was routinely observed by staff on his housing unit. [*Id.* at 3]. As part of the evaluation, Mr. Masood underwent a routine physical examination and medical history. [*Id.*] Dr. Watkins also reviewed various records and documents, including documents previously filed in this case, as well as BOP security, medical, and psychological records. [*Id.*] Finally, Dr. Watkins also contacted counsel for Mr. Masood and the government, as well as Mr. Masood's brother. [*Id.*]

Dr. Watkins reported that Mr. Masood "demonstrated awareness of the adversarial nature of court proceedings" and "understood basic court procedures," but that "his thought disturbance appeared to interfere with his ability to articulate this understanding and his ability to apply the concepts relevantly to his case." [*Id.* at 16]. She observed that Mr. Masood's "symptoms impact his current capacity to display a rational understanding of legal procedures," and that "his capacity to cooperate with counsel also appears limited." [*Id.*] Dr. Watkins concluded that, in her opinion, "Mr. Masood presently meets criteria for mental diseases, Other Specified Schizophrenia Spectrum and Other Psychotic Disorder, and Other Specified Depressive Disorder," that these "impair his ability to understand the nature and consequences of the proceedings against him[] and to assist properly in his defense," and that, therefore, Mr. Masood is not competent to proceed at this time. [*Id.*]

Upon receipt of Dr. Watkins' report, the Court set a competency hearing for April 9, 2021. On April 6, 2021, Mr. Masood, through his counsel, filed notice of his intent to assert a defense of insanity to the underlying charges in this matter pursuant to Fed. R. Crim. P. 12.2. [ECF No. 44].

3

At the hearing, the Court admitted Dr. Watkins' report, and no other evidence was submitted. The government did not object to Dr. Watkins' findings or conclusions, and while Mr. Kushner advised the Court that Mr. Masood objected to some factual assertions in the report, he did not object to the conclusions. With respect to Mr. Masood's notice of intent to assert a defense of insanity, the government orally moved for a mental examination pursuant to 18 U.S.C. § 4242.

## II.     Discussion

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

18 U.S.C. § 4241(d). In making the factual finding of incompetency, "the district court may consider various factors, including expert medical opinions and its own observations of the defendant during the proceedings." *United States v. Ghane*, 593 F.3d 775, 779 (8th Cir. 2010). "There are two elements to a competency finding: (1) whether the defendant has a rational as well as factual understanding of the proceedings against him, and (2) whether the defendant is able to consult with his lawyer within a reasonable degree of rational understanding." *Id.* at 780 (quotation omitted).

Having considered the unrebutted report from Dr. Watkins, Mr. Kushner's filings and observations, and the Court's own observations of Mr. Masood during these proceedings, the Court finds by a preponderance of the evidence that Mr. Masood is, at this time, suffering from a mental disease or defect that renders him mentally

incompetent under § 4241(d). Dr. Watkins' report is detailed, thorough, and applies the correct legal standard to arrive at a well-supported conclusion. And neither side has offered any contrary evidence or argument to support a different conclusion.

Having found Mr. Masood not competent to proceed at this time, the statutory requirements are clear. The Court must commit Mr. Masood to the custody of the Attorney General, who "shall hospitalize the defendant for treatment in a suitable facility for such a reasonable period of time, not to exceed four months, as is necessary to determine whether there is substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward." 18 U.S.C. § 4241(d). With respect to Mr. Masood's defense of insanity and the government's subsequent motion, the Court must also commit Mr. Masood to the custody of the Attorney General for a psychiatric or psychological examination. 18 U.S.C. § 4242(a).

The Court notes that, as indicated by both Mr. Masood and Dr. Watkins' report, Mr. Masood appears to be vulnerable to abuse by other inmates. Therefore, the Court respectfully requests that Mr. Masood be transferred to a facility where he can receive both care under § 4241(d) and an examination under § 4242(a), and that his transfer be made as directly and expeditiously as possible.

Accordingly, based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Muhammad Masood is presently not competent to proceed in this matter;
2. Mr. Masood is committed to the custody of the Attorney General pursuant to:

    a. 18 U.S.C. § 4241(d), for such reasonable amount of time, not to exceed four months, as is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward;

    b. 18 U.S.C. § 4242, for a psychological examination and report under 18 U.S.C. § 4247(b)–(c);

3. The Attorney General shall designate the facility for Mr. Masood's hospitalization, treatment, and examination;

4. The Court will hold a hearing once the needed evaluations are complete to determine whether Mr. Masood's mental condition has so improved as to permit the proceedings to go forward, and if not, whether there is a substantial probability that in the foreseeable future he will attain the capacity to proceed; and

5. The time period from the original order for a competency evaluation through the final decision on Mr. Masood's competency is excludable time under 18 U.S.C. § 3161(h)(1)(A).

**IT IS SO ORDERED**.

Date: April 20, 2021

                                             s/ *Katherine Menendez*
                                             Katherine Menendez
                                             United States Magistrate Judge