UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Case No. 20-cr-76 (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Muhammad Masood, | |
| Defendant. | |

In May 2020, Defendant Muhammad Masood was indicted on one count of attempting to provide material support to a designated foreign terrorist organization in violation of 18 U.S.C. § 239B(a)(1). *See generally* ECF No. 20. In September 2020, Defendant filed a motion for a competency evaluation to determine his competency to stand trial. *See generally* ECF No. 33; *see also* Fed. R. Crim. P. 12.2(c)(1)(A); 18 U.S.C. § 4241. This motion was granted and Defendant was ordered committed to the custody of the Attorney General for a "psychiatric evaluation [to] assess [his] competency to stand trial and assist in his defense." ECF No. 36 at 1-2.

"Following that evaluation, a Bureau of Prisons (BOP) forensic psychologist determined that [Defendant wa]s not competent to proceed in this matter." ECF No. 46 at 4; *see generally* ECF No. 41. Defendant then filed notice of his intent to assert a defense of insanity at the time of the alleged offense. ECF No. 44; *see* Fed. R. Crim. P. 12.2(a).

A competency hearing was held pursuant to 18 U.S.C. § 4241(c). ECF No. 45; ECF No. 46 at 1. At the hearing, the Government "orally moved for a mental examination pursuant to 18 U.S.C. § 4242," regarding Defendant's competency at the time of the alleged

offense in light of his notice of an insanity defense.  ECF No. 46 at 4; *see* 18 U.S.C. § 4242(a).  Defendant was found to be "suffering from a mental disease or defect that renders him mentally incompetent under § 4241(d)."  ECF No. 46 at 4-5.  Defendant was committed to the custody of the Attorney General "for such reasonable amount of time, not to exceed four months, as is necessary to determine whether there is a substantial probability in the foreseeable future he will attain the capacity to permit the proceedings to go forward" and for purposes of conducting the examination under § 4242.  ECF No. 46 at 5-6 (quotation omitted); *see* 18 U.S.C. §§ 4241(d)(1), 4242.

These examinations are now complete and access has been provided to counsel.  *See generally* ECF Nos. 53, 53-1.  Accordingly, the Court schedules the hearing "to determine whether [Defendant's] mental condition has so improved as to permit the proceedings to go forward and, if not, whether there is a substantial probability that in the foreseeable future [Defendant] will attain the capacity to proceed."  ECF No. 46 at 6.  In scheduling this hearing, the Court has taken into account e-mail correspondence from defense counsel stating that Defendant will be retaining a psychologist to conduct an evaluation.

[Continued on next page.]

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1. A hearing to determine the mental competency of Defendant is scheduled before the undersigned on **April 19, 2022**, at **1:00 p.m.**, in Courtroom 9W, Diana E. Murphy U.S. Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

2. The time period from the original order for a competency evaluation through the final decision on Defendant's competency is excludable time under 18 U.S.C. § 3161(h)(1)(A).

Dated:  March  11 , 2022                    *s/ Tony N. Leung*
                                            TONY N. LEUNG
                                            United States Magistrate Judge
                                            District of Minnesota


                                            *United States v. Masood*
                                            Case No. 20-cr-76 (PAM/TNL)