UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Crim No. 20-76 (PAM/TNL) |
| Plaintiff, | |
| v. | **ORDER** |
| Muhammad Masood, | |
| Defendant. | |

This matter is before the Court on Defendant Muhammad Masood's requests for downward departures and/or variances from the sentencing guidelines range applicable to his sentence. As indicated at the sentencing hearing and for the following reasons, Masood's requests are denied.

**1.   § 3A1.4**

Section 3A1.4 provides for a 12-offense-level increase if the offense "involved, or was intended to promote, a federal crime of terrorism." U.S.S.G. § 3A1.4(a). The section also provides that "[i]n each such case, the defendant's criminal history category . . . shall be Category VI." Id. § 3A1.4(b). Masood contends that both the offense-level increase and the criminal-history-category increase are not appropriately applied to him.

Masood argues that § 3A1.4 applies only if the evidence establishes that the offense was "calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct." See 18 U.S.C. § 2332b(g)(5)(A) (defining federal crime of terrorism); see also § 3A1.4, n. 1 (citing § 2332b(g)(5)).

According to Masood, the "primary purpose" of his contacts with the informant posing as an ISIS recruiter was providing medical care, not terrorism.

But § 3A1.4 applies if Masood's offense was "intended to promote" terrorism, not only if it was "calculated to influence or affect the conduct of government by intimidation or coercion." See United States v. Awan, 607 F.3d 306, 314-15 (2d Cir. 2010). A defendant intends to promote terrorism "where the defendant's offense is intended to encourage, further, or bring about a federal crime of terrorism, even though the defendant's own crime of conviction or relevant conduct may not include a federal crime of terrorism." Id. at 314. Thus, "so long as the defendant's offense was intended to encourage, further, or bring about a federal crime of terrorism as statutorily defined, the defendant himself does not have to commit an offense listed in § 2332b(g)(5)(B), and the defendant's offense need not itself be 'calculated' as described in § 2332b(g)(5)(A)." Id.

A preponderance of the evidence establishes that Masood intended to promote the federal crime of terrorism. He testified under oath at the plea hearing that he knew he was attempting to join ISIS, and that he knew that ISIS was a terrorist organization. Masood also discussed with the purported ISIS recruiter activities like developing drones for attack purposes. He talked with that individual about committing "lone wolf" attacks in the United States, and he offered to "kill and get killed." He packed a tactical vest, ammunition pouches, black camouflage military fatigues, and similar items, in addition to items that would allow him to provide medical treatment. All of these facts evidence his desire to either fight with ISIS or provide support for ISIS's terrorist activities, not merely provide medical care.

2

Moreover, even if § 3A1.4 only applies to conduct that is "calculated to influence or affect the conduct of government by intimidation or coercion" under § 2332b(g)(5)(A), the evidence listed above also suffices to establish by a preponderance of the evidence that Masood's conduct was so calculated. The provisions of § 3A1.4 apply.

**2.   Overstated criminal history**

In the event that § 3A1.4 applies to increase his criminal history category to a category VI, Masood seeks a departure for overstated criminal history under § 4A1.3(b). He points out that he has no prior criminal history and argues that the widespread belief that individuals convicted of terrorism offenses are more likely to recidivate is not borne out by research. He contends that the offense was aberrant behavior and that the offense was caused by his significant mental illness. He has separately moved for departures on those bases; those requests are discussed in more detail below.

A departure on the basis of overstated criminal history is not warranted here. The guidelines have determined that individuals convicted of certain terrorism offenses are serious offenders for whom an enhanced criminal-history score is appropriate. While the Court is not bound by that determination, it is persuasive authority that an enhanced criminal-history category is properly applied here.

Masood also asks the Court to apply new § 4C1.1, which provides for a two-level downward adjustment for a defendant with zero criminal-history points. This section does not take effect until November 1, 2023. Given that it is not yet applicable, no court has examined whether a downward adjustment under § 4C1.1 is proper when a defendant's criminal-history category is VI by operation of § 3A1.4. And in this case, a two-level

3

reduction in total offense level would have no effect, because the Court has determined that the appropriate sentence is below Masood's otherwise-applicable guidelines range even with a two-level adjustment. Masood's request for a departure under § 4A1.3(b) or an adjustment under new § 4C1.1 is denied.

### 3. Departure for uncompleted conspiracy

Masood next asserts that he should receive a three-level downward departure under § 2X1.1(b)(1). This section provides for a three-level decrease if the offense was an attempted offense, "unless the defendant completed all the acts the defendant believed necessary for successful completion of the substantive offense." Defendant argues that because he did not successfully reach Syria, he did not "complete" the offense.

The second phrase of subsection (b)(1), however, provides that the three-level decrease applies unless "the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." Masood was arrested as he was attempting to fly to Los Angeles, where he expected to board a cargo ship bound for the Middle East. From Masood's perspective, he completed all aspects of the offense save the travel, and he was only prevented from traveling because he was apprehended.

In addition, the terms of § 2X1.1(b)(1) do not apply to the instant offense in any event, because a specific guideline, § 2M5.3, covers the offense of conviction. See U.S.S.G. § 2X1.1(c)(1) ("When an attempt . . . is expressly covered by another offense guideline section, apply that guideline section."); see also id. App'x A (specifying § 2M5.3 as the offense guideline applicable to a violation of 18 U.S.C. § 2339B, attempting to

4

provide material support to a terrorist organization). Masood is not entitled to a three-level decrease under § 2X1.1(b)(1).

4.  **Mental and emotional conditions and diminished capacity**

Section 5H1.3 allows the Court to take into consideration a defendant's mental and emotional conditions if present to "an unusual degree." Masood has submitted the reports of two psychologists to support his argument that § 5H1.3 should be applied here. He also contends that a departure might be warranted under § 5K2.0 for childhood trauma, contending that he grew up in a dysfunctional family and suffered abuse at the hands of his father, in addition to an incident of sexual abuse he suffered as a child.

Similarly, § 5K2.13 provides for a departure if the defendant "committed the offense while suffering from a significantly reduced mental capacity." The Eighth Circuit has held that a departure on this basis need not be supported by but-for causation, but only proof that the defendant's "reduced mental capacity contributed to the commission of the crime." United States v. Schneider, 948 F.2d 1074, 1076 (8th Cir. 1991). But the section states that it applies only to a "non-violent offense," and only if the criminal-history score "does not indicate a need for incarceration to protect the public." U.S.S.G. § 5K2.13. Attempting to provide support to a terrorist organization, and the resulting criminal-history category VI, indicate that Masood's offense is not non-violent and there is a need to protect the public.

Having considered Masood's submissions, the Court does not believe that his mental and emotional conditions are present to an unusual degree, nor is Masood's childhood trauma present to a degree substantially in excess of that present in the usual case. Therefore, neither of these sections apply to reduce Masood's offense level. The

5

Court has, however, taken Masood's mental health and history into account in fashioning the sentence imposed, as 18 U.S.C. § 3553(a) requires.

### 5.  Aberrant behavior

Masood seeks a departure for aberrant behavior. The guideline defines aberrant behavior as representing a "marked deviation by the defendant from an otherwise law-abiding life." U.S.S.G. § 5K2.20(b)(3). Certainly, the instant offense marks a deviation from Masood's life before the offense, which was undoubtedly law-abiding. But an aberrant act is "a spontaneous and thoughtless act." United States v. Bueno, 443 F.3d 1017, 1023 (8th Cir. 2006). And the guideline requires that a departure for aberrant behavior is available only if the offense "was committed without significant planning." U.S.S.G. § 5K2.20(b)(1). Masood purchased significant supplies for what he believed would be his assistance to ISIS on the front lines of battle in Syria, and made many contacts with the purported ISIS agents, including traveling to the Twin Cities for what he believed was an interview. His conduct was not aberrant behavior within the meaning of the guidelines and a departure on this basis is not warranted.

### 6.  § 3553(a) factors

Finally, Masood seeks a variance under § 3553(a), pointing to his mental illness and post-offense rehabilitation, the hardship of his 3-year detention in a county jail, and that he does not pose a danger to the community. The Court has considered all of these factors in imposing Masood's sentence, and finds that the presence of these factors warrants a sentence below the guidelines range, although not the significant reduction Masood seeks.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's requests for specific downward departures and variances under the sentencing guidelines are **DENIED**.

Dated: August 25, 2023

Paul A. Magnuson
United States District Court Judge